UNITED STATES COURT OF APPEALS

**Filed 5/29/96**

TENTH CIRCUIT

---

ANDREW PEREZ,                                )
                                             )
    Petitioner-Appellant,            )
                                             )
vs.                                          )       No. 95-2195
                                             )  (D.C. No. CIV 92-0101 MV/JHG)
JOHN THOMAS, Warden,                         )         (D. N.M.)
                                             )
    Respondent-Appellee.             )

---

ORDER AND JUDGMENT[*]

---

Before TACHA, McWILLIAMS, and BALDOCK, Circuit Judges.

---

Petitioner Andrew Perez appeals the district court's dismissal of his 28 U.S.C. § 2254 petition for writ of habeas corpus. We exercise jurisdiction under 28 U.S.C. § 1291 and affirm.

In 1989, a jury convicted Petitioner in New Mexico state court of criminal sexual penetration, kidnaping, and bribery or intimidation of a witness. On direct appeal, the New Mexico Court of Appeals affirmed Petitioner's conviction, and the New Mexico Supreme Court denied Petitioner's petition for writ of certiorari. Petitioner

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

unsuccessfully sought habeas corpus relief in New Mexico state court. The New Mexico Supreme Court declined certiorari review of the dismissal of Petitioner's state habeas corpus petition on December 16, 1991.

On January 29, 1992 Petitioner filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in the district court. The district court dismissed the petition with prejudice based on a magistrate judge's recommended disposition. On appeal, Petitioner argues the district court erred in dismissing his § 2254 petition for a writ of habeas corpus. Specifically, Petitioner asserts: (1) the district court erred in holding he was procedurally barred from claiming that his Sixth Amendment right to confront witnesses was violated when the trial court excluded evidence of the victim's prior sexual activity with Petitioner; (2) his trial counsel rendered constitutionally ineffective assistance of counsel by failing to preserve his Sixth Amendment confrontation claim; (3) this court should excuse his procedural default of his claim regarding his prior sexual relationship with the victim on the basis of cause and prejudice or a fundamental miscarriage of justice; (4) his conviction was obtained in violation of his Sixth Amendment confrontation rights when the trial court refused to allow Petitioner to cross examine the victim about her prior sexual relationship with Petitioner and her prior sexual activity with a third party; and (5) Petitioner's convictions for kidnaping and criminal sexual penetration constitute double jeopardy in violation of the Fifth Amendment.

We have reviewed Petitioner's brief, the parties' oral arguments, the magistrate

2

judge's recommended disposition, the district court's order, and the entire record before us. Based upon our review of the record, we have determined there is no reversible error and AFFIRM the district court's dismissal of Petitioner's § 2254 petition.

AFFIRMED.

Entered for the Court

Bobby R. Baldock